AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

<u>    Northern    </u> **DISTRICT OF** _____

HOME DIAGNOSTICS, INC., a Delaware corporation,

**SUMMONS IN A CIVIL ACTION**

V.

**CASE NUMBER: C -**

LIFESCAN, INC., a California corporation,

C01-20725 JW

ADR   PVT

**TO:** (Name and address of defendant)
LIFESCAN, INC.
c/o of CT Corporation System, Inc.
Agent of Service for Defendant LifeScan, Inc.
818 W. 7th Street, Floor 2
Los Angeles, CA  90017-3407

**YOU ARE HEREBY SUMMONED** and required to serve upon **PLAINTIFF'S ATTORNEY**  (name and address)

Scott R. Mosko, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
700 Hansen Way
Palo Alto, CA  94304-1016

an answer to the complaint which is herewith served upon you, within ____<u>twenty (20)</u>____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING

JUL 3 1 2001

CLERK

DATE

_____
(BY) DEPUTY CLERK

AO-440

# United States District Court

<u>Northern</u>   **DISTRICT OF** _____

HOME DIAGNOSTICS, INC., a Delaware corporation,

**SUMMONS IN A CIVIL ACTION**

**V.**

CASE NUMBER: C –

LIFESCAN, INC., a California corporation,

C01-20725 JW

ADR

**TO:** (Name and address of defendant)

LIFESCAN, INC.
c/o of CT Corporation System, Inc.
Agent of Service for Defendant LifeScan, Inc.
818 W. 7th Street, Floor 2
Los Angeles, CA  90017-3407

**YOU ARE HEREBY SUMMONED** and required to serve upon **PLAINTIFF'S ATTORNEY** (name and address)

Scott R. Mosko, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P.
700 Hansen Way
Palo Alto, CA  94304-1016

an answer to the complaint which is herewith served upon you, within _____twenty (20)_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING

JUL 3 1 2001

CLERK                                                                DATE

LEYVA CASTILLO

(BY) DEPUTY CLERK

AO-440

JS 44 - No. CALIF  (Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

### I. (a) PLAINTIFFS
H__E DIAGNOSTICS, INC.,
a Delaware corporation,

### DEFENDANTS
LIFESCAN, INC.,
a California corporation,

C01-20725

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Scott R. Mosko - Bar No. 106070
Finnegan, Henderson, Farabow, Garrett & D
700 Hansen Way
Palo Alto, CA  94304
650-849-6600

ATTORNEYS (IF KNOWN)
Quinn, Emanuel, Urquhart, Oliver & Hedges
201 Sansome Street, Sixth Floor
San Francisco, CA  94104-2303
Telepone:  (415) 986-5700

### II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

### V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 362 Personal Injury - Med. Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander / [ ] 368 Asbestos Personal Injury Product Liability | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers Liability | [ ] 640 RR & Truck | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine / **PERSONAL PROPERTY** | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability / [ ] 370 Other Fraud | [ ] 660 Occupational Safety/Health | **SOCIAL SECURITY** | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 371 Truth in Lending | [ ] 690 Other | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 380 Other Personal Property Damage | **LABOR** | [ ] 862 Black Lung (923) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 385 Property Damage Product Liability | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability |  | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting / [ ] 510 Motion to Vacate Sentence | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment / **Habeas Corpus:** | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing / [ ] 530 General | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare / [ ] 535 Death Penalty |  |  | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights / [ ] 540 Mandamus & Other |  |  | [X] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | [ ] 550 Civil Rights / [ ] 555 Prison Condition |  |  |  |

### VI. CAUSE OF ACTION  (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)
Declaratory Judgment as a result of threatened litigation.

### VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23   DEMAND $ _____
[ ] CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] YES  [ ] NO

### VIII. RELATED CASE(S) IF ANY   PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AN "X" IN ONE BOX ONLY)
[ ] SAN FRANCISCO/OAKLAND   [X] SAN JOSE

DATE  July __, 2001

SIGNATURE OF ATTORNEY OF RECORD
Scott R. Mosko

NDC-JS44

Scott R. Mosko (State Bar No. 106070)
Robert F. McCauley (State Bar No. 162056)
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
Stanford Research Park
700 Hansen Way
Palo Alto, California 94304
Telephone:    (650) 849-6600
Facsimile:    (650) 849-6666

Of Counsel:

Barbara C. McCurdy
Herbert H. Mintz
Leslie I. Bookoff
Kathleen A. Daley
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
1300 I Street, N.W.
Washington, D.C. 20005
Attorneys for Plaintiff
HOME DIAGNOSTICS, INC.

RECEIVED
01 JUL 31 AM 7: 29
RICHARD W. WIEKING
U.S. DISTRICT COURT
NO. DIST. OF CA

ORIGINAL
FILED
E-filing
JUL 3 1 2001
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C01-20725 JW PVT ADR

| | |
|---|---|
| HOME DIAGNOSTICS, INC., a Delaware corporation<br><br>Plaintiff,<br><br>v.<br><br>LIFESCAN, INC., a California corporation,<br><br>Defendants. | CASE NO. _____<br><br>COMPLAINT FOR DECLARATORY JUDGMENT<br><br>DEMAND FOR JURY TRIAL |

COMPLAINT FOR DECLARATORY JUDGMENT
DEMAND FOR JURY TRIAL
Case No. _____

Plaintiff, Home Diagnostics, Inc. ("HDI"), alleges as follows for its declaratory judgment complaint against LifeScan, Inc. ("LifeScan"):

### Jurisdiction and Venue

1. HDI brings this civil action under the Patent Laws, Title 35 of the United States Code, and under 28 U.S.C. § 2201 to obtain a declaration of noninfringement with respect to LifeScan's United States Patent No. 6,268,162, sometimes hereinafter referred to as "the patent at issue in this Complaint". Since this action arises under the Patent Laws of the United States, this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and 1400 (b).

### Parties

3. HDI is a corporation organized and existing under the laws of Delaware, with a principal place of business at 2400 N.W. 55th Court, Ft. Lauderdale, Florida, 33309.

4. HDI is engaged in the design, development, manufacture, marketing, and sale of devices useful for measuring the level of glucose in human blood.

5. LifeScan is a corporation organized and existing under the laws of the State of California, with a principal place of business at 1000 Gibraltar Drive, Milpitas, California 95035.

6. LifeScan is also engaged in the design, development, manufacturing, marketing, and sale of devices useful for measuring blood glucose level, and competes with HDI.

### Factual Background: Declaratory Relief

7. On July 31, 2001, United States Patent No. 6,268,162 issued to LifeScan.

8. Upon information and belief, LifeScan is the owner of the entire right, title, and interest in the patent at issue in this Complaint.

9. LifeScan's past conduct in attempting to enforce the patent at issue in this Complaint and related patents against HDI's commercial blood glucose meters evidences a pattern of aggressive litigation. LifeScan first sued HDI in this Court in December of 1992, alleging that HDI's then-current line of blood glucose meters sold under the name "Ultra" infringed the method claimed in United States Patent No. 5,049,487 ("the '487 patent"), a patent related to the patent at issue in this Complaint. See *LifeScan, Inc. v. Home Diagnostics, Inc.*, No. 92-20811 SW (N.D. Cal.

1. May 18, 1994) ("*LifeScan I*"). On HDI's motion, this Court issued an Order granting summary judgment of noninfringement in favor of HDI. On appeal, this Court's ruling was affirmed-in-part, reversed-in-part, and the case was remanded. See *LifeScan, Inc. v. Home Diagnostics, Inc.*, 76 F. 3d 358 (Fed. Cir. 1996).

10. With *LifeScan I* still pending in this Court, on December 6, 1996, LifeScan filed a second lawsuit on the '487 patent against HDI-this time in a different court (the U.S. District Court for the District of Delaware) and with respect to a new HDI product, the "Prestige" meter. See *LifeScan v. Home Diagnostics, Inc. et al.*, No. 96-597 (JJF) ("*LifeScan II*"). In *LifeScan II*, LifeScan alleged that use of the Prestige meter directly infringed the '487 patent both literally and under the doctrine of equivalents, and that HDI contributorily infringed and induced others to infringe the '487 patent. After a jury verdict of infringement based on the doctrine of equivalents, on June 21, 2000, the Delaware District Court granted HDI Judgment as a Matter of Law, ruling that no reasonable juror could have found infringement, either literally or under the doctrine of equivalents. On April 6, 2001, the Federal Circuit Court of Appeals affirmed the Judgment in HDI's favor.

11. Shortly before the start of trial in *LifeScan II*, LifeScan attempted to amend the complaint to allege that the Prestige meter and its use infringed United States Patent No. 5,849,692 ("the '692 patent"), another patent related to patent at issue in this Complaint. The Delaware Court denied LifeScan's motion to amend its complaint concerning the '692 patent.

12. On December 30, 1999, HDI filed a declaratory judgment action in the Northern District of California seeking an order that HDI's commercial blood glucose meters, the Prestige and new products the Prestige LX and the Prestige Smart System, do not infringe LifeScan's '487 or '692 patents. LifeScan responded by filing a counterclaim against HDI for infringement of its '487 and '692 patents. See *Home Diagnostics, Inc. v. LifeScan, Inc.* No. C-99 21269 (JW) (RS). (*LifeScan III*).

13. In *LifeScan III*, on October 26, 2000, this Court issued an order holding that LifeScan was precluded from bringing an action against HDI on its '487 patent based on the Delaware District Court's judgment of noninfringement and the collateral estoppel doctrine.

14. Also in *LifeScan III*, LifeScan stated in a case management conference statement, filed on or about March 9, 2001, that "[it] expects to file a motion to amend its Answer and Counterclaim to add a claim for infringement of its soon to be issued patent, which patent is part of the same patent family as the 487 and 692 Patents." HDI is informed and believes that this "soon to be issued patent" is the patent at issue in this Complaint.

15. Also in *LifeScan III*, on April 23, 2001, this Court granted HDI's motion for summary judgment, finding that as a matter of law HDI's commercial blood glucose meters, the Prestige, the Prestige LX and the Prestige Smart System, do not infringe LifeScan's '692 patent.

### First Count: Declaratory Judgment of Noninfringement of the Patent at Issue in this Complaint

16. HDI incorporates the allegations of paragraphs 1 - 15.

17. In view of LifeScan's demonstrated willingness to assert each of its admittedly related patents to the patent at issue in this Complaint against HDI concerning its commercial blood glucose meters, and LifeScan's admission in the case management conference statement in *LifeScan III* that it would amend its complaint to assert infringement of its "soon to be issued patent", HDI understands, is apprehensive of, and fully believes and expects that LifeScan intends to bring an action asserting HDI's commercial blood glucose meters infringe the patent at issue in this Complaint.

18. There is an actual controversy between HDI and LifeScan as to the infringement of the patent at issue in this Complaint because LifeScan has expressly charged and is expressly charging that HDI's commercial blood glucose meters are infringing.

19. The patent at issue in this Complaint is not infringed by use of HDI's commercial blood glucose meters, either literally or under the doctrine of equivalents. HDI is not inducing and has not induced users of its commercial blood glucose meters to infringe the patent at issue in this Complaint. Nor has HDI contributed to the infringement of the patent at issue in this Complaint. A judicial declaration of this noninfringement is needed. Therefore, by this claim for relief, HDI seeks a declaration that the use of its commercial blood glucose meters does not infringe any claim of the

patent at issue in this Complaint, and that HDI is not liable for inducing or contributing to infringement of any claim of the patent at issue in this Complaint.

Second Count:  Declaratory Judgment of<br>Invalidity of the Patent at Issue in this Complaint

20. HDI incorporates the allegations of paragraphs 1 - 19.

21. The patent at issue in this Complaint is invalid under one or more provisions of Title 35 of the United States Code.  Therefore, by this claim for relief, HDI seeks a declaration that the Patent at issue in this Complaint is invalid.

### Prayers for Relief

WHEREFORE, HDI prays that:

(a) A declaratory judgment be entered adjudging and declaring that use of HDI's commercial blood glucose meters does not infringe any claim of the patent at issue in this Complaint, that HDI is not liable for inducing users of its commercial blood glucose meters to infringe any claim of the patent at issue in this Complaint, and that HDI is not liable for contributing to infringement of any claim of the patent at issue in this Complaint;

(b) A permanent injunction be entered enjoining LifeScan, its officers, agents, directors, servants, employees, subsidiaries, assignees, and all those acting under the authority or in privity with them or with any of them who receive actual notice of the injunction, from asserting or otherwise seeking to enforce the patent at issue in this Complaint against HDI's commercial blood glucose meters;

(c) An Order be entered requiring LifeScan to notify in writing each person whom LifeScan and/or its attorneys have contacted regarding any allegations of infringement of the patent at issue in this Complaint that use of HDI's commercial blood glucose meters do not infringe any claim of the patent at issue in this Complaint, that HDI has not induced users of its commercial blood glucose meters to infringe any claim of the patent at issue in this Complaint, and that HDI has not contributed to infringement of any claim of the patent at issue in this Complaint;

(d) A declaratory judgment be entered adjudging and declaring that the patent at issue in this Complaint is invalid and unenforceable;

1     (e)    HDI be awarded its attorneys' fees, costs, and expenses incurred in this action; and

2     (f)    HDI be granted such other and further relief as the Court deems just, equitable, and proper.

Dated: July 3(, 2001

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

By: *[signature]*

Scott R. Mosko, Attorneys for Plaintiff
Home Diagnostics, Inc.

## CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, and to the best of his knowledge, there is no such interest to report.

Dated: July 31, 2001

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, L.L.P.

By: _____
Scott R. Mosko, Attorneys for Plaintiff Home Diagnostics, Inc.

## JURY DEMAND

Plaintiff Home Diagnostics, Inc. demands a jury trial as to all issues so triable in this action.

Dated: July 31, 20001

FINNEGAN, HENDERSON, FARABOW, GARRETT & DUNNER, LLP

By _____
Scott R. Mosko, Attorneys for Plaintiff, Home Diagnostics, Inc.

1  Scott R. Mosko (State Bar No. 106070)
   Robert F. McCauley (State Bar No. 162056)
2  FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, L.L.P.
3  Stanford Research Park
   700 Hansen Way
4  Palo Alto, California  94304
   Telephone:    (650) 849-6600
5  Facsimile:    (650) 849-6666

6  Of Counsel:

7  Barbara C. McCurdy
   Herbert H. Mintz
8  Leslie I. Bookoff
   Kathleen A. Daley
9  FINNEGAN, HENDERSON, FARABOW,
     GARRETT & DUNNER, L.L.P.
10 1300 I Street, N.W.
   Washington, D.C.  20005
11
   Attorneys for Plaintiff
12 HOME DIAGNOSTICS, INC.

13

E-filing

ORIGINAL FILED

JUL 3 1 2001

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| HOME DIAGNOSTICS, INC.,<br>a Delaware corporation<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>LIFESCAN, INC.,<br>a California corporation,<br><br>　　　　　Defendants. | CASE NO. C - C01-20725 JW ADR PVT<br><br>NOTICE OF RELATED CASE |

NOTICE OF RELATED CASE
Case No. _____

Pursuant to Civil L. R. 3-12, Plaintiff Home Diagnostics, Inc. ("HDI") brings the attention of this Court to *Home Diagnostics, Inc. v. LifeScan, Inc.*, Civil No. 99-21269 JW ("*HDI 1*"), a case that was previously pending before the Honorable James Ware.

HDI and Defendant LifeScan, Inc. ("LifeScan") manufacture and sell commercial blood glucose meters. Judge Ware presided over *HDI 1*, in which LifeScan asserted that HDI's commercial blood glucose meters infringe two of LifeScan's patents. The current case concerns yet another patent that LifeScan admits is in the same family as those at issue in *HDI 1*, and involves nearly identical devices. More specifically, LifeScan patents, United States Letters Patent No. 5,049,487 ("the '487 patent") and United States Letters Patent No. 5,843,692 ("the '692 patent) stem from and claim priority to the same original patent application, and together claim methods and an apparatus for measuring the concentration of an analyte, such as glucose, in a fluid, such as blood. In *HDI 1*, LifeScan alleged claims that HDI's commercial blood glucose meters infringed both the '487 and '692 patents. Indeed, LifeScan itself admitted that the patent currently at issue was directly related to those that were before Judge Ware in *HDI 1*. In a Joint Case Management Conference Statement, filed on or about March 9, 2001, LifeScan represented that this new patent was "part of the same patent family as the '487 and '692 patents." Thus, LifeScan argued that Judge Ware should allow it to amend its counterclaim to add this new patent to *HDI 1*, once the new patent issued. The Court never acted on LifeScan's request because on April 23, 2001, it granted summary judgment in favor of HDI before LifeScan's new admittedly-related patent issued. It is this "new patent" that is at issue in this action.

In *HDI 1*, the Court was asked to determine whether HDI's commercial blood glucose meters infringe the '487 patent and the '692 patent. Like Judge Ware did in *HDI 1*, the Judge assigned to the present action will have to learn the relevant technology, study the teachings of the patent at issue and the related '487 and '692 patents, familiarize himself or herself with the patent at issue and the related '487 and '692 patents and their file wrappers, and determine the proper scope of the claims of the new patent.

Both the present action and the related *HDI 1* case thus involve a dispute between identical parties, concern a patent that LifeScan admits derived from the same family of patents with which

| | |
|---|---|
| 1 | Judge Ware has detailed familiarity, and will involve substantially the same questions of law which |
| 2 | Judge Ware recently addressed. In light of the significant commonality of both actions, assignment |
| 3 | of this case to Judge Ware is likely to conserve judicial resources and promote an efficient |
| 4 | determination of the action. Judge Ware has a level of familiarity with the parties, the admittedly |
| 5 | related '487 and '692 patents to the patent at issue in the current Complaint, and the patented |
| 6 | technology unlike any other Judge in this District. It therefore appears likely that there will be an |
| 7 | unduly burdensome duplication of labor and expense if the present action is assigned to a Judge |
| 8 | other than Judge Ware. |
| 9 | In addition to *HDI 1*, there were two other cases involving a dispute between LifeScan and |
| 10 | HDI over this same family of patents. One was venued in the Delaware District court, (*LifeScan v.* |
| 11 | *Home Diagnostics, Inc.* No. 96-597 (JJF)), the other was assigned to Judge Williams of this Court |
| 12 | (*LifeScan Inc. v. Home Diagnostics, Inc.* No. 92-20811 SW). Each of these other cases has been |
| 13 | resolved. |

Dated: July 31, 2001

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

By: /s/ Scott R. Mosko
Scott R. Mosko, Attorneys for Plaintiff
Home Diagnostics, Inc.

3

NOTICE OF RELATED CASE
Case No. _____



E-filing

| | |
|---|---|
| 1 | Scott R. Mosko (State Bar No. 106070) |
|   | Robert F. McCauley (State Bar No. 162056) |
| 2 | FINNEGAN, HENDERSON, FARABOW, |
|   |   GARRETT & DUNNER, L.L.P. |
| 3 | Stanford Research Park |
|   | 700 Hansen Way |
| 4 | Palo Alto, California  94304 |
|   | Telephone:    (650) 849-6600 |
| 5 | Facsimile:      (650) 849-6666 |
| 6 | Of Counsel: |
| 7 | Barbara C. McCurdy |
|   | Herbert H. Mintz |
| 8 | Leslie I. Bookoff |
|   | Kathleen A. Daley |
| 9 | FINNEGAN, HENDERSON, FARABOW, |
|   |   GARRETT & DUNNER, L.L.P. |
| 10 | 1300 I Street, N.W. |
|   | Washington, D.C.  20005 |
| 11 | |
|   | Attorneys for Plaintiff |
| 12 | HOME DIAGNOSTICS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C01-20725 JW PVT

| | |
|---|---|
| HOME DIAGNOSTICS, INC., | CASE NO. C - |
| a Delaware corporation | |
|            Plaintiff, | NOTICE OF RELATED CASE |
|       v. | |
| LIFESCAN, INC., | |
| a California corporation, | |
|            Defendants. | |

NOTICE OF RELATED CASE
Case No. _____

1  Pursuant to Civil L. R. 3-12, Plaintiff Home Diagnostics, Inc. ("HDI") brings the attention of
2  this Court to *Home Diagnostics, Inc. v. LifeScan, Inc.*, Civil No. 99-21269 JW ("*HDI 1*"), a case that
3  was previously pending before the Honorable James Ware.
4  HDI and Defendant LifeScan, Inc. ("LifeScan") manufacture and sell commercial blood
5  glucose meters. Judge Ware presided over *HDI 1,* in which LifeScan asserted that HDI's
6  commercial blood glucose meters infringe two of LifeScan's patents. The current case concerns yet
7  another patent that LifeScan admits is in the same family as those at issue in *HDI 1*, and involves
8  nearly identical devices. More specifically, LifeScan patents, United States Letters Patent No.
9  5,049,487 ("the '487 patent") and United States Letters Patent No. 5,843,692 ("the '692 patent) stem
10 from and claim priority to the same original patent application, and together claim methods and an
11 apparatus for measuring the concentration of an analyte, such as glucose, in a fluid, such as blood.
12 In *HDI 1*, LifeScan alleged claims that HDI's commercial blood glucose meters infringed both the
13 '487 and '692 patents. Indeed, LifeScan itself admitted that the patent currently at issue was directly
14 related to those that were before Judge Ware in *HDI 1*. In a Joint Case Management Conference
15 Statement, filed on or about March 9, 2001, LifeScan represented that this new patent was "part of
16 the same patent family as the '487 and '692 patents." Thus, LifeScan argued that Judge Ware
17 should allow it to amend its counterclaim to add this new patent to *HDI 1*, once the new patent
18 issued. The Court never acted on LifeScan's request because on April 23, 2001, it granted summary
19 judgment in favor of HDI before LifeScan's new admittedly-related patent issued. It is this "new
20 patent" that is at issue in this action.
21 In *HDI 1*, the Court was asked to determine whether HDI's commercial blood glucose meters
22 infringe the '487 patent and the '692 patent. Like Judge Ware did in *HDI I*, the Judge assigned to
23 the present action will have to learn the relevant technology, study the teachings of the patent at
24 issue and the related '487 and '692 patents, familiarize himself or herself with the patent at issue and
25 the related '487 and '692 patents and their file wrappers, and determine the proper scope of the
26 claims of the new patent.
27 Both the present action and the related *HDI 1* case thus involve a dispute between identical
28 parties, concern a patent that LifeScan admits derived from the same family of patents with which

2

NOTICE OF RELATED CASE
Case No. _____

1 | Judge Ware has detailed familiarity, and will involve substantially the same questions of law which
2 | Judge Ware recently addressed. In light of the significant commonality of both actions, assignment
3 | of this case to Judge Ware is likely to conserve judicial resources and promote an efficient
4 | determination of the action. Judge Ware has a level of familiarity with the parties, the admittedly
5 | related '487 and '692 patents to the patent at issue in the current Complaint, and the patented
6 | technology unlike any other Judge in this District. It therefore appears likely that there will be an
7 | unduly burdensome duplication of labor and expense if the present action is assigned to a Judge
8 | other than Judge Ware.

9 | In addition to *HDI 1*, there were two other cases involving a dispute between LifeScan and
10 | HDI over this same family of patents. One was venued in the Delaware District court, (*LifeScan v.*
11 | *Home Diagnostics, Inc.* No. 96-597 (JJF)), the other was assigned to Judge Williams of this Court
12 | (*LifeScan Inc. v. Home Diagnostics, Inc.* No. 92-20811 SW). Each of these other cases has been
13 | resolved.

15 | Dated: July 31, 2001

FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.

By: /s/ Scott R. Mosko
Scott R. Mosko, Attorneys for Plaintiff
Home Diagnostics, Inc.

3

NOTICE OF RELATED CASE
Case No. _____